**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TREMAYNE DURHAM,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NEW JERSEY DEPARTMENT OF CORRECTIONS, et al.,**<br><br>**Defendants.** | **Civil Action No. 23-20485 (RK) (JTQ )**<br><br>**MEMORANDUM OPINION & ORDER** |

Plaintiff Tremayne Durham has filed a Complaint raising federal and state law claims for relief. (ECF No. 1.) At this time, the District Court grants his application to proceed *in forma pauperis* ("IFP application"). For the reasons explained in this Memorandum Opinion & Order, the Court allows the Complaint to proceed in part and dismisses it in part as follows.

## I. RELEVANT BACKGROUND AND ALLEGATIONS

Plaintiff is incarcerated at New Jersey State Prison ("NJSP") and is a frequent litigator in this District. By way of background, Plaintiff was allegedly prescribed a walking cane following a diagnosis of spinal stenosis and has filed a series of lawsuits in this District alleging that prison officials have violated his constitutional rights and failed to provide him with reasonable accommodations for his disability. In *Durham v. Kelly*, Civ. No. 21-4565, Plaintiff alleged that he was not permitted to bring the walking cane to the quarantine unit in May 2020. According to the Complaint in *Durham v. Kelly*, Plaintiff allegedly approached numerous prison officials and told them about his pain and his need for a cane, a shower chair, and medical attention, but they denied him accommodations. (*See* Civ. No. 21-4565, ECF No. 1, Complaint at ¶¶ 22-44.) On May 31, 2020, Plaintiff was in the shower in the quarantine unit and allegedly experienced excruciating lower back pain and fell because he did not have a shower chair or his cane. (*Id.* at ¶ 48.) Plaintiff

received treatment for his injuries, and on or about February 27, 2021, Plaintiff filed a civil action alleging claims under 42 U.S.C. § 1983 and under the ADA/RA and seeking injunctive relief and damages. (*See*, *generally*, Complaint.) Following a remand from the Third Circuit,[1] the District Court appointed pro bono counsel, discovery ensued, and summary judgment motions were filed in September 2026.

Plaintiff has filed additional actions arising from the alleged denial of the use of his cane in various locations at NJSP in 2023. *See Durham v. New Jersey State Prison*, Civ. No. 23-12415 (involving the denial of his cane in the mess hall on May 28, 2023, resulting in a fall); *See Durham v. Gangi*, Civ. No. 24-16 (involving the denial of his cane in the gym on September 23, 2023, resulting in a fall). The Court appointed the Seton Hall University School of Law's Conflict Management Program to represent Plaintiff in this action and in Civ. No. 23-12415[2] and Civ. No. 24-16, but that representation was terminated on August 20, 2025. (*See* ECF No. 7.) Subsequently, the District Court proceeded *Durham v. Gangi* in part on May 2026. (*See* Civ. No. 24-16, ECF Nos. 1, 8-9.)

This particular action arises from the alleged denial of the use of Plaintiff's cane in the yard at NJSP.[3] Plaintiff has sued New Jersey State Prison, A. Gangi, C. Sears, Major M. Crawford,

---

[1] The District Court originally dismissed Plaintiff's Complaint without prejudice for failure to state a claim for relief. On appeal, the Third Circuit vacated the dismissal and remanded the matter, finding that Plaintiff stated claims for relief under § 1983 and the ADA/RA. *See Durham v. Kelley*, 82 F.4th 217 (3d Cir. 2023).

[2] Civil Action No. 23-12415 was reassigned to undersigned, and the Court will screen that Complaint in a separate decision.

[3] As in the aforementioned cases, Plaintiff alleges that he was diagnosed with lumbar stenosis in 2018 and has a history of chronic back pain and was issued a cane in November 2022. (ECF No. 1, Complaint at ¶¶ 13-15.)

Lieutenant A. Fant, A. Young, and three John Doe Defendants for the alleged violations of his civil rights and his right to accommodation for his disability.

In December 2022, Plaintiff wrote an inquiry asking to use his cane in the "yard, gym, and mess hall[,]" and Michael Crawford denied that request citing security reasons. (*See* ECF No. 1-4 at 5.) Jessica McDuffie denied his grievance, also citing security concerns (*Id.* at 6), and Anthony Gangi denied his appeal, stating, "You need to take this up with medical and custody." (ECF No. 1, Complaint at ¶¶ 17-20.)

In early January 2023, Plaintiff wrote an inquiry to the medical department, as directed by Gangi, and Olivia Somuah-Oduro responded that his inquiry would be treated as a sick call request (ECF No. 4-1 at 7); Plaintiff subsequently submitted a grievance, which Michael Crawford denied citing security concerns. (*Id.* at 8.) Plaintiff appealed the denial of his grievance, which was upheld by Anthony Gangi based on security concerns. (*Id.* at 9; Complaint at ¶¶ 22-27.)

On June 22, 2023, Plaintiff allegedly attempted to enter the yard with his cane and corrections officer A. Fant and three John Doe corrections officers each told him, "No canes allowed in the yard." (Complaint at ¶¶ 28-33.) In response, Plaintiff allegedly stated loudly, "I have a serious back condition and have chronic back pain[,] and I need to use my cane to walk[,]" but A. Fant, A. Young, and the John Doe Officers told him it was the policy that no canes could be brought in the yard. (*Id.* at ¶¶ 34-39.)

Plaintiff put his cane down and entered the yard, using the walls for support. (*Id.* at ¶¶ 40-41.) Later, in the yard, he "had serious back pain that cascaded down to his legs and he fell[,]" as he "had no way to support himself." (*Id.* at ¶ 42.) Plaintiff was taken from the yard in a wheelchair and received emergency treatment for his injuries. (*Id.* at ¶¶ 43-45; ECF No. 1-4 at 10-11.)

In July 2023, Plaintiff filed another inquiry stating that he fell in the yard because he was denied the use of his cane. (ECF No. 1-4 at 16.) His subsequent grievance reiterated that he fell in the yard and was injured due to his inability to use his cane and stated that "the policy . . . of not allowing canes in the yard should cease." (*Id.* at 17.) Craig Sears responded as follows: "Same answer as your request for the Mess Hall. For Safety and Security reasons canes will not be allowed in the big yard." Sears also denied Plaintiff's appeal. (*See id*; *see also* Complaint at ¶¶ 48-53.)

Plaintiff alleges that internal management procedures at New Jersey Department of Corrections ("NJDOC") require the prison to make assistive devices and aids, such as canes, available to an inmate where the inmate's health would be adversely affected by the lack of that device or aid. (*Id.* at ¶ 54.)

The Complaint includes five counts for relief. In Count I, Plaintiff brings claims under the ADA and RA and alleges that he needs his cane for his serious back condition and that NJSP failed to accommodate him. Plaintiff further alleges that NJSP intentionally discriminated against by reason of his disability. (Complaint at ¶¶ 61-62.) In Count II, Plaintiff alleges that NJSP, A. Gangi, C. Sears, M. Crawford, A. Fant, A Young, and John Does 1-3 violated his Fourteenth Amendment Right to Equal Protection by not allowing him to access the yard and discriminating against him. (*Id.* at ¶¶ 64-65.) In Count III, Plaintiff alleges that A. Gangi, C. Sears, M. Crawford, A. Fant, A Young, John Does 1-3 acted with deliberate indifference to his serious medical needs and safety in violation of his Eighth Amendment rights. (*Id.* at ¶¶ 72-75.) In Counts IV and V, Plaintiff brings state law claims for Negligent Infliction of Emotional Distress and Negligence. He seeks damages as well as declaratory and injunctive relief. (*Id.* at ¶ 81.)

## I. DISCUSSION

### a. Standard of Review

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). To survive screening, Plaintiff's Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *See id.* Because Plaintiff is proceeding pro se, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### a. The ADA and RA Claims

The Court begins with the ADA and RA claims. The ADA creates a private cause of action for money damages against a public entity that violates its provisions. *See* 42 U.S.C. § 12133; *United States v. Georgia*, 546 U.S. 151, 154 (2006). State prisons qualify as public entities under the ADA. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998). To state a claim under the ADA, Plaintiff must allege that he is "a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288-89 (3d Cir. 2019). The elements of a claim under the RA are the same, except that the plaintiff must also show that the program in question received federal dollars. *Durham*, 82 F.4th at 225. In addition, although sovereign immunity does not bar suit against state entities under the RA, ADA lawsuits against state entities are barred by sovereign immunity except where a plaintiff successfully alleges

constitutional violations arising from the same conduct. *Durham*, 82 F.4th at 228-29; *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 172 (3d Cir. 2002) (quoting *Lane v. Pena*, 518 U.S. 187, 200 (1996)).

Plaintiff alleges that he suffers from a serious spinal condition that substantially limits his ability to walk, that he was issued a cane as a mobility aid, and that Defendants refused to permit him to bring that cane into the yard despite putting them on notice of his need to use his cane through inquiries, grievances, and in person. He further alleges that, as a result of that denial, he was forced to ambulate without the cane, fell, and required medical treatment. Even after his fall, certain Defendants would not accommodate his disability.

At this stage, Plaintiff plausibly alleges the exclusion and failure to reasonably accommodate prongs. The Third Circuit has held that denying an inmate access to a necessary assistive device can effectively exclude the inmate from participation in a prison program, even where the program is nominally "available." *See Furgess*, 933 F.3d at 289-91 (holding that denial of necessary accommodation can constitute exclusion under Title II). Here, Plaintiff alleges that he could not safely access or use the yard without his cane, which plausibly amounts to a denial of meaningful access to that recreational program.

Plaintiff also plausibly alleges intentional discrimination sufficient to support a claim for compensatory damages. In this context, intentional discrimination may be shown by deliberate indifference, which requires (1) knowledge that a federally protected right is substantially likely to be violated, and (2) a failure to act despite that knowledge. *See S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 263 (3d Cir. 2013). Plaintiff alleges repeated notice to prison officials through direct communication and grievances, coupled with repeated denials of his request to use his cane. He also alleges an obvious and foreseeable harm that could and did result

from denying him his cane to ambulate. At the screening stage, Plaintiff has sufficiently pleaded this element of an ADA/RA claim.

The Court, however, will dismiss the ADA/RA claims against NJSP, which is a facility within NJDOC and is not a separate entity subject to suit.[4] *See Grobow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989); *see also Defreitas v. Montgomery Cty. Corr. Facility*, 525 F. App'x 170, 172 (3d Cir. 2013) (affirming dismissal of ADA claim against correctional facility as a non-suable sub-unit of the county). Considering Plaintiff's pro se status, the Court liberally construes the Complaint to name NJDOC as a Defendant. *See Erickson*, 551 U.S. at 94. Because NJDOC is mentioned in the Complaint and is the public entity responsible for the operation of NJSP and the alleged denial of access to prison programs, the Court will permit Count I to proceed against NJDOC.

**b. The Section 1983 and Negligence-Based Claims Against NJSP**

Counts II and III are dismissed with prejudice as to NJSP, which is not a "person" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71, (1989) (holding that neither a State nor its agencies are "persons" subject to suit under § 1983); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (dismissing § 1983 claim against state correctional facility as non-suable entity). To the extent Plaintiff has sued any individual Defendants in their official capacities for damages, those claims are likewise dismissed with prejudice. *See Durham*, 82 F.4th at 224.

---

[4] Plaintiff does not appear to bring the ADA and RA claims against the individual Defendants, and such claims would be subject to dismissal because Title II applies only to "public entities," defined as state and local governments and their instrumentalities. 42 U.S.C. § 12131(1). The Third Circuit has held that "individuals are not liable under Titles I and II of the ADA," *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002). Courts in this Circuit have applied the same reasoning to the RA. *See A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 804 (3d Cir. 2007) (en banc).

The New Jersey Tort Claims Act does not constitute a waiver of Eleventh Amendment immunity in federal court and provides only a limited waiver of immunity for suits in state court. *See Allen v. New Jersey State Police*, 974 F.3d 497, 505–06 (3d Cir. 2020). Accordingly, Plaintiff's negligence-based claims may not proceed against NJSP in federal court and are dismissed with prejudice.

**c. The Section 1983 Claims Against the Individual Defendants**

In Count II of the Complaint, Plaintiff alleges that the individual Defendants violated the Fourteenth Amendment's Equal Protection Clause by refusing to allow him to bring his cane into the yard. The Complaint does not, however, plausibly allege that Plaintiff was treated differently from similarly situated inmates due to his membership in a protected class; nor does it allege facts supporting a "class of one" theory. To state an equal protection claim, a plaintiff must allege that he was treated differently from others who were similarly situated in all relevant respects and that the differential treatment was the product of intentional or purposeful discrimination. *Startzell v. City of Phila.*, 533 F.3d 183, 203 (3d Cir. 2008).

Here, Plaintiff does not identify a similarly situated inmate who was permitted to bring a cane or similar aid in the yard, or plead facts suggesting that the challenged conduct was motivated by race, religion, disability animus, or any other impermissible classification. Plaintiff fails to state a claim for relief absent factual allegations showing discriminatory classification or purpose. *See Iqbal*, 556 U.S. at 678. The Fourteenth Amendment equal protection claim is dismissed without prejudice as to all individual Defendants.

In Count III, Plaintiff also alleges that Defendants A. Fant, A. Young, John Does 1-3, A. Gangi, M. Crawford, and C. Sears were deliberately indifferent to his serious medical and safety needs by refusing to allow him to use his prescribed cane despite knowing that he needed it to

ambulate due to his spinal condition. The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including taking reasonable measures to ensure inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). A claim of deliberate indifference has both an objective and a subjective component: the deprivation must be sufficiently serious, and the defendant must have acted with a sufficiently culpable state of mind. *Id.* at 834.

As to the objective prong, Plaintiff plausibly alleges a serious medical need and a substantial risk of harm. Courts have recognized that the denial of a medically necessary assistive device, particularly where it results in a fall or risk of physical injury, may satisfy the objective component of an Eighth Amendment claim. *See Durham*, 82 F.4th at 229-30. As to the subjective prong, Plaintiff must allege that Defendants were aware of and disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 837. Plaintiff alleges that, prior to entering the yard, he informed the corrections officer Defendants that he needed the cane because of his serious spinal condition but was told that canes were not permitted. Accepting those allegations as true, the Complaint plausibly alleges that the officers knew Plaintiff needed the cane and the risks associated with denying him the ability to use it, but required him to proceed without it if he wished to enter the yard. Accordingly, the Eighth Amendment claims may proceed against Defendants A. Fant, A. Young, and John Does 1-3, who are alleged to have directly participated in violating Plaintiff's constitutional rights.

Personal involvement for supervisory officials may also be established through knowledge of and acquiescence in unconstitutional conduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). At the preliminary screening stage, the Court will also permit the Eighth Amendment deliberate indifference claims to proceed against Defendants Crawford and Gangi to the extent Plaintiff alleges that they were placed on notice of his need for the cane through repeated

grievances yet failed to take corrective action and against Defendant Sears to the extent he knew that Plaintiff had already fallen and suffered injuries without his cane but still denied him the use of his cane in the yard.[5]

**d. The State Law Claims**

Plaintiff also brings claims for Negligent Infliction of Emotional Distress and Negligence against all individual Defendants. Under New Jersey law, a claim for negligence requires allegations of a duty, breach, proximate causation, and damages. *Townsend v. Pierre*, 221 N.J. 36, 51 (2015). Under New Jersey law, such a claim is a form of negligence liability in which a defendant's breach of a duty of reasonable care proximately causes emotional harm, particularly where that harm is accompanied by physical injury or arises from a risk of physical harm. *See Decker v. Princeton Packet, Inc.*, 116 N.J. 418, 429–30, 561 A.2d 1122 (1989); *Jablonowska v. Slither*, 195 N.J. 91, 104, 948 A.2d 610 (2008). Construed liberally, the Complaint plausibly alleges claims for Negligent Infliction of Emotional Distress and Negligence, and the Court will permit these claims to proceed against all individual Defendants.

It is **THEREFORE**, on this 30th day of September 2026,

**ORDERED** that Plaintiff's IFP application is GRANTED; and it is further

**ORDERED** that the Complaint shall be filed; and it is further

[5] The Third Circuit has made clear that participation in the grievance process, without more, does not establish personal involvement under § 1983. *Dooley v. Wetzel*, 957 F.3d 366, 373–74 (3d Cir. 2020). Here, however, Plaintiff appears to allege that he made repeated inquiries and grievances which were denied by Gangi and Crawford prior to his injuries, and that Sears continued to deny him access to the cane despite having knowledge of his fall and injuries through his grievance.

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Administrator of New Jersey State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that the ADA and RA claims in Count I shall PROCEED against NJDOC and are dismissed WITH PREJUDICE as to New Jersey State Prison; and it is further

**ORDERED** that the Equal Protection and Eighth Amendment claims in Counts II and III against NJSP (and the individual Defendants in their official capacities for damages) are dismissed WITH PREJUDICE; and it is further

**ORDERED** that the Equal Protection claims brought pursuant to 42 U.S.C. § 1983 are dismissed WITHOUT PREJUDICE as to all remaining Defendants; and it is further

**ORDERED** that the Eighth Amendment claims for deliberate indifference to health and safety brought pursuant to 42 U.S.C. § 1983 shall PROCEED against A. Fant, A. Young, John Does 1-3, A. Gangi, M. Crawford, and C. Sears; and it is further

**ORDERED** that the Negligent Infliction of Emotional Distress and Negligence claims shall PROCEED against A. Fant, A. Young, John Does 1-3, A. Gangi, M. Crawford, and C. Sears, and NJSP; and it is further

**ORDERED** that, Pursuant to the Memorandum of Understanding between the Court and the New Jersey Department of Corrections,[6] the Court shall forward a copy of the Complaint upon the Department and seek a waiver of service for the identified Defendants; a separate order detailing this process will follow; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

---

[6] The Memorandum of Understanding between all vicinages of the United States District Court for the District of New Jersey and the New Jersey Department of Corrections governs the process for obtaining waiver of service, where possible, of the Departments' current and former employees.

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service; and it is further

**ORDERED** that this matter shall be ADMINISTRATIVELY TERMINATED for docket management purposes only pending service (or the waiver of service); the Court retains jurisdiction over the case; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

ROBERT KIRSCH
United States District Judge